IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| DANIEL W. COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:22-00082 |
| ) | |
| DONALD AMES, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's "Motion for (1) Protective Stay and Abeyance and (2) For Leave to Amend Once State Court Exhaustion is Complete, and Brief in Support." (Document No. 2.) By Standing Order, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's "Motion for (1) Protective Stay and Abeyance and (2) For Leave to Amend Once State Court Exhaustion is Complete, and Brief in Support" (Document No. 2) and dismiss his Section 2254 Petition (Document No. 1) without prejudice.

**PROCEDURE AND FACTS**

1. **Case No. 14-F-140:**

On June 10, 2014, the Grand Jury of Mercer County, West Virginia, returned a twelve count Indictment against Petitioner charging him with six counts of first degree sexual abuse (Counts 1, 3, 5, 7, 11, 12), one count of first degree sexual assault (Count 9), and five counts of sexual abuse by a parent, guardian, custodian, or person in position of trust to a child (Counts 2,

4, 6, 8, 10). (Document No. 11-1.) On November 13, 2014, following a three day jury trial, Petitioner was convicted as to all counts of first degree sexual abuse (Counts 1, 3, 5, 7, 11, 12), the lesser-included offense of first degree sexual abuse with respect to Count 9, and all counts of sexual abuse by a parent, guardian, custodian, or person in position of trust to a child (Counts 2, 4, 6, 8, 10). (Document No. 11-2.) Petitioner filed a Motion for New Trial on November 21, 2014, and the Circuit Court denied the Motion on January 30, 2015. (Document Nos. 11-3 and 11-4.) On January 30, 2015, the Circuit Court also sentenced Petitioner "to a cumulative sentence of 31 to 100 years incarceration." State v. Daniel C., 2016 WL 143887, * 2 (W. Va. Jan 11, 2016); (Document No. 11-4.) An Amended Order was entered on March 13, 2015, sentencing Petitioner to a cumulative term of 35 to 100 years. (Document No. 11-5.)

On February 25, 2015, Petitioner, by counsel, R. Thomas Czarnik, filed his Notice of Appeal with the Supreme Court of Appeals of West Virginia ("SCAWV"). (Document No. 11-6.) Petitioner asserted the following assignments of error: (1) The Circuit Court improperly denied the admission of an exhibit (the transcript of his interview conducted by Trooper Lee); (2) The Circuit Court improperly denied the admission of the interview of victim R.F. conducted by Child Protective Services; (3) The Circuit Court erred in denying Petitioner's motion to dismiss Count 9 of the Indictment based on insufficient evidence; (4) The Circuit Court erred in admitting Petitioner's statement taken by Trooper Clemons because the full video recording of the statement was destroyed and the statement was obtained in violation of Petitioner's right to counsel; (5) The Circuit Court erred in overruling Petitioner's objections to the State's leading questions of the alleged victims; and (6) Petitioner's sentence was disproportionate, cruel and unusual, and constitutionally excessive. (Document No. 11-7.) By a Memorandum Decision entered on January 11, 2016, the SCAWV affirmed Petitioner conviction and sentence. Daniel

C., 2016 WL 143887, at * 5. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

**2.     First State *Habeas* Petition:**

On July 22, 2016, Petitioner, by counsel, Paul R. Cassell, filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County. (Document No. 11-9.); Collins v. Ames, Case No. 16-C-242 (Cir. Ct. Mercer Co.). As grounds for relief, Petitioner asserted the following:

>   A.   Petitioner's state and federal constitutional rights were violated by the ineffective assistance of trial counsel.
>
>       1.   Trial counsel was ineffective in failing to adequately investigate the case.
>
>           a.   Trial counsel was ineffective in advancing Petitioner's intoxication defenses.
>           b.   Trial counsel was ineffective in developing facts of medical condition that would provide a defense to Petitioner.
>           c.   Trial counsel was ineffective in challenging discrepancies in the children's statements.
>           d.   Trial counsel was ineffective in representing the Petitioner because he had a conflict of interest.
>
>       2.   Trial counsel was ineffective in addressing constitutional error.
>
>       3.   Trial counsel was ineffective in limiting the scope of evidence and preventing the introduction of hearsay.
>
>       4.   Trial counsel presented an inadequate and ill-conceived defense.
>
>       5.   Trial counsel was ineffective on appeal.
>
>       6.   Trial counsel was ineffective in numerous additional areas.
>
>   B.   Petitioner's federal and state constitutional rights were violated by the effects of cumulative error.

3

      C.      Petitioner's rights have been violated by his cruel and unusual treatment while incarcerated.

      D.      Petitioner's federal and state constitutional rights were violated by preindictment delay.

      E.      Petitioner's federal and state constitutional rights were violated by the lack of an impartial jury.

      F.      Petitioner also asserts all additional grounds which may become apparent upon further investigation of this matter.

(Id.) The Circuit Court held an omnibus hearing on December 10, 2018. (Document No. 11-10, p. 7.) On January 31, 2019, Petitioner filed an additional Memorandum in Support of his Petition. (Id.) Due to an employment change by Mr. Cassell, Petitioner was subsequently appointed new *habeas* counsel (Joseph Harvey). (Id.) On February 11, 2020, the Circuit Court filed its "Order Denying and Dismissing Petition for Writ of Habeas Corpus." (Id., pp. 1 - 43.)

On April 6, 2020, Petitioner, acting *pro se*, filed a "Motion for Relief of Judgment, Rule 60(b)" and a "Motion for Appointment of Counsel to File an Amended Motion for Relief of Judgment Pursuant to Rule 60(b)." (Document Nos. 11-11 and 11-12.) In his "Motion for Relief of Judgement, Rule 60(b)," Petitioner argued as follows: (1) Ineffective assistance of *habeas* counsel; (2) "Erroneous findings of fact in order denying habeas;" (3) "Petitioner did not waive any claims that could result from investigating the requested evidence mentioned in Petitioner's Freedom of Information Act request pursuant to W. Va. Code § 29B-1-1;" and (4) "Julie Ball, Mercer County Circuit Court Clerk, violated the rules governing FOIA requests pursuant to W. Va. Code § 29B-1-1." (Id.) As relief, Petitioner requested that his *habeas* proceedings be reopened, counsel be appointed, an evidentiary hearing be conducted, and his right to appeal the denial of *habeas* relief be reinstated. (Id.) On May 18, 2020, Petitioner, acting *pro se*, filed a "Motion to Compel Ruling" regarding the foregoing Motions. (Document No. 11-13.) On April

20, 2020, the Petitioner, acting *pro se*, filed a "Motion Requesting a Ruling Upon Pro Se Motions and to Re-Enter Order Denying Habeas for Purposes of Appeal." (Document No. 11-14.) On September 17, 2020, the Circuit Court filed its "Order Denying Petitioner's Rule 60(b) Motion for Relief From Judgment" and "Order Re-Entering the Court's Previous Order Denying and Dismissing Petition for Writ of Habeas Corpus Following Omnibus Evidentiary Hearing." (Document Nos. 11-15 and 11-16.)

On September 25, 2020, Petitioner, by counsel, Matthew D. Brummond, filed a Notice of Appeal from the Circuit Court's reentered Order denying *habeas* relief. (Document No. 11-20.) In his appeal, Petitioner argued that the Circuit Court erred in denying his *habeas* Petition because "his trial counsel had an actual conflict of interest that adversely affected the adequacy of representation." (Document No. 11-21.) On May 26, 2021, Petitioner, acting *pro se*, filed in the Circuit Court "Motions for (1) Motions to Re-open Rule 60(b) Motion Under Rule 60(b)(6) with Leave to Amend, (2) Motion to Re-enter Order Denying Motion for Relief of Judgment Rule 60(b) for Purposes of Appeal, and (3) Motion for Certified Question." (Document No. 11-17.) Concerning his Rule 60(b) Motion, Petitioner argued as follows: (1) "During Petitioner's omnibus habeas corpus hearing, the Court failed to make mandatory inquires pursuant to Rule 9(b) of the Rules Governing Habeas Corpus Proceedings in West Virginia making the hearing in the 16-C-242 habeas null and void;" and (2) "Judge Sadler did not have jurisdiction to hear Petitioner's habeas petition or sit as Judge at Petitioner's trial due to the fact that Judge Sader was a Judge in the parental rights proceedings against Petitioner and the alleged victims." (Id.) By Memorandum Decision filed on January 12, 2022, the SCAWV affirmed the Circuit Court's decision denying *habeas* relief. Daniel C. v. Ames, 2022 WL 123711 (W. Va. Jan. 12, 2022). The SCAWV issued its mandate on February 14, 2022. (Document No. 11-22.) On March 23,

2022, the Circuit Court entered an Order granting in part and denying in part Petitioner's Motions filed on May 26, 2021 ("Motions for (1) Motions to Re-open Rule 60(b) Motion Under Rule 60(b)(6) with Leave to Amend, (2) Motion to Re-enter Order Denying Motion for Relief of Judgment Rule 60(b) for Purposes of Appeal, and (3) Motion for Certified Question"). (Document No. 11-27.) Specifically, the Circuit Court denied Petitioner's Motion to Reopen Rule 60(b) Motion, denied Petitioner's Motion for Certified Questions, and granted Petitioner's Motion to Reenter Order denying Motion for Relief of Judgment for Purposes of Appeal. (Id.)

On March 26, 2022, Petitioner filed "Emergency Motions (1) to Alter and Amend Judgment Rule 59(e) Plus Request for Limited Evidentiary Hearing and (2) Motion to Expedite and Appointment of Counsel." (Document No. 12-1, pp. 7 – 12.) Specifically, Petitioner requested that the Circuit Court amend its March 23, 2022 Order "to reflect that Petitioner did not waive his Rule 9 issue, or any other issue, resolve the other above mentioned issues, that counsel be appointed, a limited hearing be held on the Rule 9 waiver issue, and that said counsel be directed to appeal if the above motions are denied." (Id.)

3. **Petition for Writ of Mandamus (No. 20-0756):**

On June 3, 2020, Petitioner, acting *pro se*, filed a Petition for Writ of Mandamus with the SCAWV. (Document No. 11-18.) Specifically, Petitioner requested that the SCAWV compel the Circuit Court to rule on his outstanding Motions in the *habeas* proceedings (Case No. 16-C-242). On August 7, 2020, Circuit Court Judge Sadler filed his Response. (Document No. 11-19.) By Order entered on September 21, 2020, the SCAWV refused to issue the requested writ of mandamus after noting that the issue was "moot in light of the fact that counsel was appointed to represent the Petitioner on June 22, 2020." (Id.)

4. **Second Petition for Writ of Mandamus (No. 22-00066):**

On January 19, 2022, Petitioner, acting *pro se*, filed his second Petition for Writ of Mandamus with the SCAWV. (Document No. 11-24.) Specifically, Petitioner again requested that the SCAWV compel the Circuit Court to rule on outstanding Motions pending in his *habeas* proceedings (Case No. 16-C-242). The SCAWV entered this Scheduling Order on February 14, 2022. (Document No. 11-23.) On March 10, 2022, Circuit Court Judge Sadler filed his Response. (Document No. 11-18.) By Order filed on April 6, 2022, the SCAWV refused to issue the requested writ of mandamus after noting that the issue was "moot in light of the circuit court's order in Mercer County Case No. CC-28-2016-C-242." (Id.)

5.　　**Second State *Habeas* (Case No. 22-C-25):**

On February 18, 2022, Petitioner, acting *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County. (Document No. 11-26.); Collins v. Ames, Case No. 22-C-25 (Cir. Ct. Mercer Co.). As grounds for relief, Petitioner asserted the following: (1) Ineffective assistance of *habeas* counsel for failing to argue that trial counsel was ineffective by not requesting an impeachment instruction; (2) Ineffective assistance of *habeas* counsel for failing to investigate and raise a claim of ineffective assistance of trial counsel with respect to plea negotiations; (3) Ineffective assistance of *habeas* counsel for failing to investigate and develop ineffective assistance of trial counsel claim regarding trial counsel's conflict of interest; (4) Ineffective assistance of *habeas* counsel for failing to investigate and raise a claim that Petitioner was denied his right to a fair and impartial judge at trial and in his first *habeas* proceeding; (5) Ineffective assistance of *habeas* counsel for failing to investigate and raise a Brady violation; (6) Ineffective assistance of *habeas* appellate counsel for failing to raise each and every claim requested by Petitioner on appeal; (7) Erroneous constructive amendment to the Indictment, adding facts not presented to the grand jury; (8) Defective indictment based on

7

Petitioner's incorrect date of birth; and (9) Incorrect time sheet with respect to date of Petitioner's parole eligibility. (Id.) Petitioner's second State *habeas* Petition is still pending before the Circuit Court. (Document No. 11-25.)

**6.** **Section 2254 Petition:**

On February 16, 2022, Petitioner, acting *pro se*,[1] filed Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody and "Motion for (1) Protective Stay and Abeyance and (2) For Leave to Amend Once State Court Exhaustion is Complete, and Brief in Support." (Document Nos. 1 and 2.) Petitioner appears to have filed a placeholder Petition as he sets forth no grounds for relief in his Petition, but refers to his "Motion for Stay." (Document No. 1.) In his "Motion for (1) Protective Stay and Abeyance and (2) For Leave to Amend Once State Court Exhaustion is Complete, and Brief in Support," Petitioner first requests a "protective stay" to ensure that Petitioner's efforts to exhaust his remedies in State court do not result "making his federal habeas corpus untimely." (Id.) In support, Petitioner notes that he is incarcerated at Mount Olive Correctional Complex ("MOCC"), "which has been plagued by covid 19 lockdowns due to prison wide covid infections." (Id.) Petitioner states that he fears "it is possible that another covid outbreak will happen" and such will prevent his timely filing of a federal *habeas* petition. (Id.) Second, Petitioner requests that the Court allow him to file an Amended Section 2254 Petition once his State court proceedings have concluded. (Id.)

As Exhibits, Petitioner attaches a copy of the following: (1) A copy of the docket sheet for Collins v. Ballard, 16-C-242 (Document No. 2-1.); (2) A copy of Circuit Court Judge

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

William J. Sadler's "Summary Response to Petition for Writ of Mandamus Request to File Response" (Document No. 2-2.); (3) A copy of Petitioner's letter to the Clerk of the SCAWV dated February 7, 2022 (Document No. 2-3.); and (4) A copy of the docket sheet for Collins v. MOCC, Case No. 22-C-25 (Document No. 8-1.).

On March 2, 2022, Petitioner paid the $5.00 filing fee. (Document No. 6.) On March 3, 2022, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition and "include copies of Court and other records which would facilitate determination of the timeliness of Petitioner's Petition." (Document No. 7.) On April 15, 2022, Respondent filed a "Limited Response Regarding Timeliness" and Exhibits. (Document Nos. 11 – 11-28.) Respondent acknowledges that Petitioner's Section 2254 Petition appears timely. (Document No. 11.) Respondent further states that only 101 days has run on Petitioner's limitation period. (Id.)

On April 28, 2022, Petitioner filed his Reply. (Document No. 12.) First, Petitioner argues that because he is not time barred, a stay is warranted. (Id.) Petitioner further states that he disagrees with the Respondent's calculation that only 101 days has run on the limitations period. (Id.) Petitioner states that he believes he "only has around 3 to 4 months left." (Id.) Petitioner continues to argue that he is entitled to a stay because a possible "COVID situation" at MOCC "could potentially prevent Petitioner from timely filing his federal habeas petition if his stay is not granted due to continuous lockdowns drastically limiting Petitioner adequate access to the law library." (Id.) Petitioner argues that his "failure to exhaust first in state court" prior to initiation this action is due to the ineffective assistance of *habeas* counsel in failing to assert the issues in Petitioner's first State *habeas* Petition. (Id.) Petitioner argues that "[g]iven the evidence of Petitioner's claims, this Court cannot reasonably conclude that the claims are 'plainly

9

meritless.'" (Id.) In the alternative, Petitioner argues that this "Court can assume that Petitioner's unexhausted claims have merit without making a ruling on the claims." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of a letter from Richard Coleman, CPS at MOCC, stating that MOCC had been under a COVID-19 lockdown but the facility had returned to normal operations on February 7, 2022 (Document No. 12-1, p. 1.); (2) A copy of the Circuit Court's "Order Denying In Part and Granting In Part Petitioner's Motions" dated March 23, 2022 (Id., pp. 2 – 6.); (3) A copy of Petitioner's "Emergency Motions (1) to Alter or Amend Judgment Rule 59(e) Plus Request for Limited Evidentiary Hearing and (2) Motion to Expedite the Appointment of Counsel" dated March 23, 2022 (Id., pp. 7 – 10.); and (4) A copy of a Petitioner's letter to Mr. Brummond dated February 8, 2021 (Id., p. 12.).

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the

10

same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, supra, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of

presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[2] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

In his "Motions For (1) Protective Stay and Abeyance and (2) For Leave to Amend Once State Court Exhaustion is Complete, and Brief in Support," Petitioner acknowledges that he has not exhausted his available State remedies as to all federal claims that he intends to raise and requests that his Petition be stayed and held in abeyance pending exhaustion in State Court.[3] (Document No. 2.) When a petitioner presents a mixed petition under Section 2254, that is a

---

[2] An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

[3] Petitioner acknowledges that he has merely filed a placeholder Section 2254 and he wishes to file an Amended Section 2254 Petition once he has fully exhausted. The undersigned notes that Petitioner's placeholder Section 2254 Petition is completely void of any grounds for relief.

12

petition containing claims that are both exhausted and unexhausted, the District Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). The Supreme Court, however, cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id., 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.(noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); also see Demere v. Ballard, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court"); Kanode v. Waid, 2011 WL 2633645 (S.D.W.Va. July 5, 2011)("[T]he practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly."). Applying this standard to the facts of the instant case, the undersigned finds

that a stay and abeyance is not warranted.

Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] The SCAWV affirmed Petitioner's conviction and sentence on January 11, 2016. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on April 11, 2016 (90 days after the SCAWV affirmed his conviction and sentence). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on April 12, 2016, and Petitioner had until April 11, 2017, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State courts. Petitioner filed his first Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County (Case No. 16-C-242) on July 22, 2016, which was 101 days after the statute of limitation period began to run. Accordingly, the one-year statute of limitation period was tolled by Petitioner's State *habeas* proceedings. The Circuit Court of

---

[4] Title 28, United States Code, Section 2244(d)(1) provides as follows:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Mercer County denied his *habeas* petition on February 11, 2020, and Petitioner had four months to file his appeal to the SCAWV. See Rule 5(f) of the West Virginia Rules of Appellate Procedure. Less than one month later, Petitioner filed in the Circuit Court a Motion for Relief from Judgment pursuant to Rule 60(b) challenging the Circuit Court's denial of his *habeas* petition. Thus, the limitations period remained tolled because a Rule 60(b) Motion challenging the validity of a conviction and sentence tolls the limitations period.[5] See Mitchell v. Green, 922

---

[5] Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in pertinent part, as follows:
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The undersigned first notes that Petitioner's Rule 60(b) Motions were timely filed. Next, the undersigned finds that Petitioner's Motions were clearly continuing to challenge the validity of his conviction and sentence. (Document Nos. 11-11 and 11-17.) Similar to a properly filed Rule 35 Motion, Petitioner's Rule 60(b) Motions were collaterally attacking his conviction and sentence. *See Wall v. Kholi*, 562 U.S. 545, 546, 131 S.Ct. 1278, 1281, 179 L.Ed.2d 252 (2011)(holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); *Bellamy v. Plumley*, 2015 WL 2155697, * 5 (S.D.W.Va. May 7, 2015)("While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly file' within the meaning of § 2244(d)(2)."); *Turner v. Ballard*, 2015 WL 4477816, fn. 7 (N.D.W.Va. July 22, 2015)(noting that the Rule 35 Motion tolled the running of the limitation period until the time within which petitioner could have, but did not, appeal the denial of his Motion); *Johnson v. Plumley*, 2014 WL 3735856, fn. 2 (N.D.W.Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)"); *also see Gonzalez v. Crosby*, 545 U.S. 524, 532, n. 4, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)(Concerning a Rule 60(b) Motion filed pursuant to the Federal Rules of Civil Procedure, the Supreme Court determined that a petitioner is seeking to raise a *habeas corpus* claim in a Rule 60(b) motion where the movant asserts "that there exist . . . grounds entitled [him] to habeas corpus relief under 28 U.S.C § 2254(a) and (d)," or "asserts that a previous ruling regarding one of those grounds was in error.") Thus, the undersigned finds that Petitioner's Rule 60(b) Motions seeking collateral review of his conviction and sentence were sufficient to toll the limitations period. The Court, however, notes that Petitioner's petitions for writ of mandamus were not sufficient to toll the limitations period. *See 1Starr Dalton v. Manchin*, 2010 WL 2218737, * 2 (S.D.W.Va. May 13, 2010)("It is a matter of settled law, however, that a petition for writ of mandamus is not an application for post-conviction or other State collateral review sufficient to toll the limitation period under section 2241(d)(1).")(*citing Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002)).

15

F.3d 187 (4th Cir. 2019)(finding that a prisoner's state court motion to reduce sentence that sought collateral review tolled the limitations period for filing a federal *habeas* petition). On September 17, 2020, the Circuit Court denied Petitioner's Rule 60(b) Motion and re-entered its February 11, 2020 Order denying Petitioner's *habeas* Petition.[6] Eight days later, on September 25, 2020, Petitioner filed an appeal of the Circuit Court's denial of his *habeas* petition to the SCAWV. Thus, the limitations period remained tolled. On May 26, 2021, prior to the SCAWV issuing a decision on Petitioner's *habeas* appeal, Petitioner filed in the Circuit Court "Motions for (1) Motions to Re-open Rule 60(b) Motion Under Rule 60(b)(6) with Leave to Amend, (2) Motion to Re-enter Order Denying Motion for Relief of Judgment Rule 60(b) for Purposes of Appeal, and (3) Motion for Certified Question." The SCAWV affirmed the Circuit Court's denial of Petitioner's *habeas* petition on January 12, 2022, and the mandate was issued on February 14, 2022. Although the SCWVA issued its mandate on February 14, 2022, the limitation period remained tolled due to Petitioner's pending Rule 60(b) Motion filed in the Circuit Court on May 26, 2021.[7] On February 18, 2022, Petitioner filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County (Case No. 22-C-25). On March

---

[6] Even assuming Petitioner's Rule 60(b) Motion did not toll the limitations period, the Circuit Court's reentry of its February 11, 2020 Order denying Petitioner's *habeas* Petition would have resulted in the tolling of the limitations period from February 11, 2020 (dated Circuit Court's Order denying *habeas* Petition) until September 17, 2020 (date Circuit Court reentered its Order denying *habeas* Petition for purposes of reinstating appeal rights). *See Harper v. Ballard*, 2013 WL 285412, *4 - 6 (S.D.W.Va. Jan. 24, 2013)(J. Chambers)(finding Petitioner's resentencing restarted the clock for purposes of AEDPA's one-year limitation period); *Horn v. Ballard*, 2009 WL 914879, * 2 (S.D.W.Va. March 31, 2009)(J. Faber)(finding that petitioner's Section 2254 petition was timely based upon the reinstatement of petitioner's direct appeal rights by means of resentencing). After reentry of the Circuit Court's Order denying *habeas* relief on September 17, 2020, the limitations period would have remained tolled until the expiration of the appeal period (4 months) unless Petitioner filed his timely appeal to the SCAWV. As the record reveals, Petitioner did file a timely appeal of the Circuit Court's denial of *habeas* relief to the SCAWV on September 25, 2020, which further tolled the limitations period.

[7] Even assuming that motions filed under Rule 60(b) do not toll the limitations period, Petitioner's limitation period would have only run an additional three days from February 14, 2022 (date of SCAWV's mandate affirming Circuit Court's denial of *habeas* relief) until February 18, 2022 (filing of second State *habeas* Petition).

23, 2022, the Circuit Court entered an Order denying Petitioner's May 26, 2021 Motion to Reopen Rule 60(b) Motion and granted Petitioner's Motion to Reenter Order denying Motion for Relief of Judgment for Purposes of Appeal. The undersigned, however, notes that Petitioner's second State *habeas* petition is currently pending before the Circuit Court. Thus, the one-year statute of limitation is currently tolled by Petitioner's second State *habeas* proceedings. Upon the conclusion of Petitioner's State *habeas* proceedings, Petitioner will have approximately 264 days in which to file a Section 2254 Petition in federal court.[8] The undersigned, therefore, finds that Petitioner cannot establish good cause based upon the statute of limitations because dismissal will not jeopardize the timeliness of Petitioner's Section 2254 Petition.

Although Petitioner argues that he "fears" an institutional lockdown due to a COVID-19 outbreak might jeopardize his future filing of a timely Section 2254 Petition, the undersigned finds such to be too speculative to constitute good cause. See Remekie v. Sorber, 2022 WL 672687, * 4 (E.D.Penn. March 7, 2022)(finding that COVID-19 concerns did not constitute good cause for a stay and abeyance); Bennett v. Foster, 2020 WL 7353859, * 1 (E.D. Wis. Dec. 15, 2020)(denying stay due to COVID-19 lockdown where the record revealed petitioner had the ability to make timely filings during previous lockdowns). Petitioner merely describes general difficulties in the past accessing the prison library during COVID lockdowns without providing any facts showing how the lack of access to the library actually prevented him from making any timely filings. The record reveals that despite lockdowns during the COVID-19 pandemic, Petitioner had to the ability to make multiple timely filings regarding this underlying State proceedings. Furthermore, Petitioner clearly has the majority of his one year period (264 days)

---

[8] Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petition correctly and timely.

17

remaining, and the limitations period is currently tolled due to Petitioner's pending State *habeas* proceedings. Accordingly, undersigned recommends that Petitioner's "Motion for (1) Protective Stay and Abeyance and (2) For Leave to Amend Once State Court Exhaustion is Complete, and Brief in Support" (Document No. 2) be denied and Petitioner's Section 2254 Petition (Document No. 1) be dismissed without prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's "Motion for (1) Protective Stay and Abeyance and (2) For Leave to Amend Once State Court Exhaustion is Complete, and Brief in Support" (Document No. 2), **DISMISS without prejudice** Petitioner's Section 2254 Petition (Document No. 1), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: May 12, 2022.

Omar J. Aboulhosn
United States Magistrate Judge