```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

DANIEL W. COLLINS,

      Plaintiff,

v.                                CIVIL ACTION NO. 1:22-00082

DONALD AMES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. By Standing Order, the action was referred to United States Magistrate Omar J. Aboulhosn for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted his Findings and Recommendation to the court on May 12, 2022, in which he recommended that this court deny plaintiff's motion for protective stay and abeyance and for leave to amend once state court exhaustion is complete, dismiss without prejudice plaintiff's Section 2254 petition, and remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendations. The court need not conduct a de novo review of the PF&R when a party "makes general and

conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  On May 25, 2022, plaintiff filed objections to the Magistrate Judge's Findings and Recommendation.  With respect to those objections, the court has conducted a de novo review.

As Magistrate Judge Aboulhosn noted, plaintiff merely filed a placeholder Petition as he asserted no grounds for relief in his Petition.  Furthermore, plaintiff concedes that he has not exhausted his available State remedies as to all federal claims he intends to raise.  Plaintiff asks the court to stay this civil action pending his exhaustion of state remedies.  Magistrate Judge Aboulhosn concluded that plaintiff was not entitled to a stay based upon the facts and circumstances of this case. Collins objects to the PF&R's recommendation that his motion for a stay and abeyance be denied.

Regarding a petitioner's obligation to exhaust state remedies, the Supreme Court has sent a "simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken each one to state court."  Rose v. Lundy, 455 U.S. 509, 520 (1982).  Under certain limited circumstances, a district court may stay a petition and hold it in abeyance while a petitioner exhausts his state remedies.  See Rhines v. Weber, 544 U.S. 269, 275-77

(2005). The Court cautioned, however, that the practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly.

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioners failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Id. at 277.

Plaintiff has not shown good cause for his failure to exhaust state remedies and, accordingly, a stay of this matter is not warranted. As the PF&R notes, the one-year statute of limitations is tolled by Collins' pending second State habeas proceeding. And when that proceeding concludes he will have approximately 264 days left to file a petition in federal court. See ECF No. 15 at 17. Accordingly, Collins has "more than ample time to timely file a habeas petition" in this court once his

3

State court proceedings finish. <u>Remekie v. Sorber</u>, CIVIL ACTION NO. 22-79, 2022 WL 672687, at *4 (E.D. Pa. Mar. 7, 2022) (denying motion for stay and abeyance where petition had 98 days left before the statute of limitations would expire); see also <u>Mitchell v. Warden of Ridgeland Correctional Institution</u>, CA No. 9:21-cv-02121-CMC-MHC, 2022 WL 3146301, at *6-7 (D.S.C. May 13, 2022) (recommending motion to stay be denied where petitioner still had "almost all of the 365 days he is entitled to . . . under the statute of limitations"), <u>report and recommendation adopted by</u> 2022 WL 2712542 (D.S.C. July 13, 2022). As one court noted, granting a stay and abeyance under these circumstances would "decreas[e] a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition' . . . and mistakenly encourage the filing of placeholder petitions." <u>Brooks v. Sticht</u>, 20-CV-1108 (JLS), 2022 WL 1190456, at *14 (W.D.N.Y. Apr. 21, 2022) (internal citations and quotations omitted); <u>see also</u> <u>Sanders v. Attorney General of Arizona</u>, No. CV-19-05633-PHX-NVM (DMF), 2020 WL 3271483, at *6 (D. Ariz. May 28, 2020) ("A stay of this matter is not appropriate and would encourage 'placeholder' habeas filings with this Court by petitioners during their of-right state court review proceedings."), <u>report and recommendation adopted by</u> 2020 WL 3268693 (D. Ariz. June 17, 2020).

Collins argues that a stay is warranted because an outbreak of COVID-19 might jeopardize his ability to file a Section 2254 petition in the future. However, Collins provides no specifics to support this assertion and it is belied by the fact that he has continued to advance his claims in state court during the pandemic. See ECF No. 15 at 15-17 (describing the various motions and petitions Collins has filed in state court since February 2020). A stay is not warranted under these circumstances. As one court explained in denying a similar motion:

> Remekie's COVID-19 concerns also do not establish good cause. While the COVID-19 pandemic has undeniably had a significant impact on the judicial system and the prison system, with the prison system generally being subject to various restrictions such as lockdowns, Remekie does not explain how COVID-19 affected his ability to exhaust his unexhausted claims. In addition, the record shows that COVID-19 has not affected his ability to exhaust his claims because he is in the process of exhausting any unexhausted claims through his pending PCRA petition. Remekie timely filed that PCRA petition, which tolls the statute of limitations period.

Remekie v. Sorber, CIVIL ACTION NO. 22-79, 2022 WL 672687, at *4 (E.D. Pa. Mar. 7, 2022); see also Hamilton v. State, CV416-343, 2017 WL 1652617, at *1 (S.D. Ga. Feb. 24, 2017) (denying "placeholder motion" where movant admitted his state habeas petition was still pending and there was no showing of good cause to stay federal petition) Dreyfuse v. Pszczokowski, Civil Action

5

No. 3:16-06717, 2017 WL 478564, at *12 (S.D.W. Va. Jan. 6, 2017) (recommending motion for stay and abeyance of "protective" § 2254 petition be denied where court found "dismissal w[ould] not jeopardize the timeliness of Petitioner's Section 2254 Petition, and he cannot at this time demonstrate good cause for his failure to present his claims to the State Courts prior to seeking federal habeas review"), proposed findings and recommendation adopted by 2017 WL 758950 (S.D.W. Va. Feb. 27, 2017).

  Collins also objects that the magistrate judge was required to undertake a merit analysis of his claims.  Even if Collins had shown good cause for his failure to exhaust (which he has not), a stay and abeyance is warranted only if his claims are not "meritless."  Rhines, 544 U.S. at 277.  Collins, however, asserted no grounds for relief in his petition.  Therefore, the court is unable to determine whether his claims potentially have merit and would justify staying his federal petition.  See Fields v. North Carolina, CIVIL CASE No. 3:22-cv-000107-MR, 2022 WL 1531664, at *1 (W.D.N.C. Apr. 26, 2022) (holding that petitioner's filing was not a "protective" petition which the court should stay where, among other things, petition raised no potential grounds for § 2254 relief); Porter v. Janssen, Case No. 19-CV-3198 (NEB/TNL), 2020 WL 2066921, at *3 (D. Minn. Apr. 13, 2020) ("[T]he Court cannot perform the Rhines analysis here.  As noted above, a Rhines analysis requires a court to consider

whether there is good cause for a petitioner's failure to exhaust a particular claim in state court.  Furthermore, a Rhines analysis also requires a court to determine whether a given claim is 'plainly meritless.'  The Court cannot do these things here, given that Porter has not specified the particular claim (or claims) that he plans to present in state court.").  To the extent Collins argues that this court should conduct a merits-analysis by referring to his state court pleadings, the court declines to do so.  Rule 2(c) of the Rules Governing Section 2254 Cases requires that a § 2254 petition specify the grounds on which the petitioner claims he is being held in violation of the Constitution, and the facts supporting each ground.  This court "will not search for facts in briefs or other documents."  Cook v. McFadden, C/A No.: 1:16-3853-RMG-SVH, 2017 WL 9289432, at *2 (D.S.C. Feb. 28, 2017) (see also authorities cited therein), report and recommendation adopted by 2017 WL 1274033, at *2 (D.S.C. Apr. 4, 2017) ("A habeas petitioner must specify all grounds for relief available to the petitioner and state facts supporting each ground. . . .  He may not simply incorporate briefs in other cases by reference.").  Based on the foregoing, plaintiff's objections are **OVERRULED**.

Collins also objects that the magistrate judge should have addressed the merits of his motion to answer a legal

question. That objection is **OVERRULED** for the reasons stated in the Order denying the motion. See ECF No. 14.

Plaintiff's final objection is that Magistrate Judge Aboulhosn failed to address the issue of a certificate of appealability. The court addresses Collins' entitlement to a certificate of appealability below. Therefore, his objection is **OVERRULED**.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge Aboulhosn, **DENIES** plaintiff's motion for protective stay and abeyance and for leave to amend once state court exhaustion is complete, **DISMISSES** this case without prejudice, and directs the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 27th day of September, 2022.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 27th day of September, 2022.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge